Moffitt v. Cressler.

his labor.    The instructions asked, therefore, were properly refused.

Judgment affirmed.

---

MOFFITT v. CRESSLER.

There is no error in refusing to give an instruction asked for, however correct or applicable it may be, when the same instruction substantially, has been previously given by the court.

To bind a principal, by the representations of a third person, the agency of such third person, must be shown otherwise than by proof of his declarations.

To give an instruction upon a state of facts not proven, is calculated to mislead and confuse the jury, and is error.

An instruction to a jury, upon a mere abstract proposition of law, referring in no way to either the evidence or issues made, and which has not misled the jury, to the prejudice of the party complaining, will not warrant the granting of a new trial; but where the instruction has a tendency to make an erroneous impression upon the jury, and mislead them in their views of the case, a new trial should be granted.

*Appeal from the Scott District Court.*

THURSDAY, APRIL 7.

PLAINTIFF sues as the assignee of a promissory note, made to one John R. Moffit. The defendant admits the making of the note, but sets up that it was given for a threshing machine—that said machine was warranted—that the warranty, as well as the consideration, had failed—that the note was obtained by the fraud of the payee, who, in order to induce defendant to execute the same, made certain false and fraudulent representations, which were known to be false, and which were intended to, and did, deceive said defendant; and that said note was assigned after it became due, or was still the property of the payee.    The replication denies all the new matter contained in the answer.    Trial, and verdict for defendant; motion for a new trial overruled, and judgment on the verdict.    Plaintiff appeals.

Moffitt v. Cressler.

*James Grant*, for the appellant.

*Cook, Dillon & Lindley*, for the appellee.

WRIGHT, C. J.—The bill of exceptions embodies all the testimony given to the jury, and from this it is pretty clearly shown, that the plaintiff took the note after it was due, and that he does not, therefore, stand in the position of an innocent holder.    Indeed, we do not understand it to be claimed by the appellant, that he stands in any better attitude than would the payee, if suit had been brought in his name.    We should, therefore, treat the case as if John R., instead of John N. Moffitt, was the plaintiff.

It seems that one Crary, as agent for Moffitt, sold defendant, in 1856, a machine, known as " Moffitt's Patent Improved Grain Separator," for from $350 to $400.    Crary made some representations as to the character of the machine and its capacity, and warranted it to perform as represented.    It was tried, and did not answer the purpose.    It was repaired frequently at the expense of plaintiff.    This was during the year 1855.    On the 14th of June, 1856, defendant executed this note, which is for the sum of three hundred dollars.    What was said at the time of its execution —what inducements were held out—what representations were made, there is nothing to show.    On the same day, the payee gave defendant an order to Owen, Lane & Dyer, machinists, in Rock Island, Illinois, directing them to repair the thresher in the best manner, and charge to the account of the drawer.    This order was presented, and O., L. & D. refused to make the repairs.    Certain statements made by Crary, and O., L. & D., were objected to by the plaintiff, and the objection overruled.

The plaintiff asked the court to instruct the jury, that the agency of Crary must be proved by other evidence, than his sole declarations that he was such agent.    The same instruc-

tion was asked as to the declarations and statements of Owen, Lane & Dyer, and refused.

There was no error in refusing the instruction as to the statements of Crary, for the reason that it was given substantially in the same words, in the instructions in chief. The court was not bound to give it twice. As to the statements of O., L. & D., however, the record only shows that plaintiff's instruction upon that subject was refused. The jury were left to conclude, therefore, that their declarations alone, would be sufficient to establish their agency. This was error. The instruction should have been given. To bind the principal, by the representations of a third person, the agency of such third person must be shown, otherwise than by his declarations. He may prove his agency by his own oath, if the authority is conferred by parol, or it may be established in many ways, as by the declarations or admissions of the principal; but it cannot be by the declarations alone of the person assuming thus to act. This rule is well settled, and, indeed, is recognized by the court below as to the declarations of Crary, while it would seem to have been denied as to those of O., L. & D. 1 Greenl. Ev., secs. 116–17; 2 Ib., 63, and authorities there cited.

Several instructions were asked by the defendant, and given, upon the subject of false representations. One of these was as follows: "If after the defendant purchased this machine from Crary, the payee induced the defendant to give this note, by false and fraudulent representations with regard to the machine, or as to its qualities, this would entitle the defendant to a verdict." Other instructions embody substantially the same rule, but this will be sufficient for our purpose.

The objection to them all, as urged by the plaintiff, and we think correctly, is, that they are entirely inapplicable, there being no testimony tending to show, or from which the jury could possibly fairly infer, such false and fraudulent representations. No witness testified to a word said by

the payee, or any agent of his, to induce defendant to execute the note. All of the testimony relates to the representations made preceding the sale of the machine. This was a year previous to the date of the note. After the thresher had been tried, we find only that a note was made for three hundred dollars. That it was even given for the machine, there is no positive proof. This, however, from the circucumstances, the jury might fairly conclude. They could not conclude, on the other hand, that the payee used fraud, or made false representations in obtaining it. To give an instruction upon a state of facts not proven, and espeically in a case of this character, is calculated to confuse and mislead a jury, and is error. *McLain* v. *Eshane*, 17 B. Monroe, 156 ; 5 Ohio St., 452. In *U. S.* v. *Brentling*, 20 How., 252, it is said, "the charge of the court, being founded upon a hypothetical state of facts of which there is no evidence, was erroneous."

If the instruction was upon a mere abstract proposition of law, referring in no way to either the evidence or the issue made, and it could not be fairly inferred that the jury was misled, to the plaintiff's prejudice, it would make no difference. But if the charge had a tendency to make an erroneous impression upon a jury, and mislead them in their views of the case, a new trial should be granted. *McGregor et al.* v. *Armill*, 2 Iowa, 30 ; *Benham* v. *Casey*, 11 Wend., 83.

In this, the instructions complained of, were pertinent under the issues made, but there were no facts sustaining them. Now, we can readily imagine how the jury might have been misled, by such instructions, to plaintiff's prejudice. The false representations proven, if any, related to the trade for the thresher. Under the instructions, the jury probably felt justified in connecting these with the giving of the note, and that the plaintiff induced its execution, by false and fraudulent representations. And yet nothing could be more unjust or unwarranted. The giving the note was *prima facie*, at least, a waiver of the fraud practiced at the time of the sale

of the machine, if any, as well as of any claim under the alleged warranty. To prove that the previous supposed fraud was not waived thereby, it was the duty of the defendant to rebut the presumption thus arising, and to show fraud and false representations practiced and made then. Of this there was no scintilla of proof, and the instructions were, therefore, erroneous.

It is said, it is true, that the payee gave defendant on the same day, an order for the repair of the machine, and that this tends to show the means made use of to procure the note. It is far from showing, however, anything like fraud or misrepresentation. Upon its face, (and we know nothing about it beyond this), it is entirely consistent with the utmost fairness and the strictest integrity. If the repairs were not made, according to the directions of the order, then the jury might have been justified in deducting from the amount due on the note, the value of such repairs, if they believed that a part of the consideration of the note was, that this work was to be done. They could not, however, in the absence of all proof, find for defendant, because such repairs were not made.

Judgment reversed.