## Byington v. McCadden.

1. **Instructions**: INAPPLICABILITY OF. The giving of an instruction based upon a theory or state of facts, in respect to which there is no evidence, is error for which the judgment will be reversed.

2. **Practice**: BILL OF EXCEPTIONS. Where, by agreement, a party has a certain time in which to prepare and submit to the opposite party his bill of exceptions, it cannot be successfully urged that it was not *filed* within the time named, if it does not appear that it was not *submitted*, as agreed, within such time.

3. —— WAIVER OF RULING. Where a motion made by the plaintiff in the circuit court, to dismiss an appeal thereto from a justice's court, because not properly pending therein was overruled, and no appeal taken therefrom, the plaintiff cannot again urge the objection in the supreme court, on an appeal by the defendant.

*Appeal from Johnson Circuit Court.*

FRIDAY, JUNE 7.

ACTION before a justice of the peace to recover damages for the alleged forcible seizure and detention of five hogs, the property of plaintiff. Answer in general denial, and that the defendant, as the acting sheriff of Johnson county, in virtue of an execution issued from the district court of said county, levied upon and took possession of, and holds said hogs as the property of R. W. Byington, to be dealt with according to law; judgment for plaintiff. Upon appeal to the circuit court, a jury trial was had, resulting in a verdict and judgment for plaintiff for $31.10. Defendant appeals. The necessary facts appear in the opinion.

*Clark & Haddock* for the appellant.

*LeGrand Byington* for the appellee.

DAY, J. — I. At the instance of plaintiff, the court gave the following instructions: "If satisfied that the five hogs in controversy in this suit were levied on by defendant by collusion with Sharples, for the sole purpose of aiding said Sharples in a wrongful conversion thereof, under the local regulation, known as the hog law, and that such levy was not necessary to satisfy his execution, defendant is liable in this action."

1. INSTRUCTIONS: inapplicability of.

The abstract, which purports to set forth all the testimony introduced, contains no evidence to which this instruction

can apply. It is based upon a state of facts of which there is no proof. It was, therefore, error to give it. *Moffitt* v. *Cressler*, 8 Iowa, 122, and cases cited. *State* v. *Arthur*, 23 id. 430, cases cited in Ham. Dig., p. 494, § 31.

II. Appellee urges in objection to the abstract, that no bill of exceptions was properly settled or filed in the case.

2. PRACTICE: bill of exceptions.    Judgment in the cause was entered on the 9th day of December, 1871. By agreement defendant had thirty days to submit to plaintiff his bill of exceptions. The bill was not *filed* in the clerk's office until March 26, 1872. It does not, however, appear that it was not *submitted* to plaintiff, and *signed* within the time agreed upon. No valid objection to it, therefore, appears in the record.

III. Appellee further urges that whatever errors may have been committed in the trial of the cause are without

3. Waiver of ruling.    prejudice, because the appeal was not properly pending in the circuit court.

The plaintiff moved the circuit court to dismiss the appeal. This motion was overruled. From this ruling of the court the plaintiff has taken no appeal. We must, therefore, now presume that the cause was properly pending in that court.

Reversed.