## HOWELL v. PRICE ET AL.

1. **Principal and Agent:** EVIDENCE: RES GESTAE. In an action of replevin against a sheriff for corn levied upon as the property of A., the plaintiff claimed that the corn was his own, having been purchased by A. as his agent, and with money furnished by him: *Held*, that a letter written by A. to plaintiff, containing a general statement of corn purchased for plaintiff, was not admissible to establish the fact of his ownership.

2. **Instruction:** FACTS NOT IN EVIDENCE. It is error to give an instruction, even though it announces a correct rule of law, which assumes a state of facts not in evidence.

*Appeal from Woodbury District Court.*

TUESDAY, JUNE 14.

ACTION of replevin for 2500 bushels of shelled corn. The petition alleges that one James Armour, as plaintiff's factor and agent, and with money furnished by plaintiff, purchased the said corn and hired the same shelled, and caused it to be stored for plaintiff in a certain crib adjoining and attached to a warehouse lately occupied by said Armour, and that the defendant E. R. Price wrongfully detains possession thereof from plaintiff.

The defendant Price answered, alleging that as sheriff of Monona county, on the 24th day of May, 1871, he levied a writ of attachment upon the corn in petition described, as the property of James Armour.

The defendants Booge & Co., being substituted as defendants, answered, averring that the defendant E. R. Price, sheriff of Monona county, held the property in petition described by virtue of a writ of attachment issued in a case wherein H. D. Booge & Co. were plaintiffs, and James Armour was defendant, and that James Armour owned the said property at the date of attachment, and plaintiff had no interest therein.

There was a jury trial, resulting in a verdict and judgment for plaintiff. Defendants appeal.

*Currier & Marsh*, and *Joy & Wright*, for appellants.

*H. B. Wilson*, and *Pendleton & Bailey*, for appellee.

DAY, J.—I. Plaintiff commenced furnishing James Armour money, to be expended in the purchase of corn for plaintiff, on the 14th day of December, 1870, and from that time to the 27th of February, 1871, he furnished various sums of money, amounting in all to $1,800. Armour was in the commission business at Onawa, purchasing corn, oats and wheat. He kept his money deposited, in a general fund, in Atkins' safe, and when grain was bought Atkins paid the weigh bills. During the winter of 1870 and spring of 1871, he purchased about 16,000 bushels of corn in the ear, which was thrown into a crib near the depot. Some of this corn was afterward shelled.

Sometime in May, 1871, Armour went away from Onawa, leaving the corn in question in his crib.

To establish his ownership of the corn in question, plaintiff, against the objection of the defendants, was permitted to read 1. PRINCIPAL and agent: evidence. a letter of James Armour, dated April 10, 1870, and a statement accompaning it. The letter is as follows: "To Geo. Howell: I shall shell corn as soon as men can come in; it may be a week or two. I annex statement. The first 2000 bushels, as you recollect, was bought low, and

recently the corn I have been buying has cost me from 37½ to 40 cents, but have bought none since you wrote me. I have been buying for Booge and others right along, and find I have the balance due you absorbed in my purchases, and I cannot at present abstract the money, for a short time. It is only a small amount, for which I am willing to pay you whatever interest you require."

The statement which accompanied the letter is as follows: "April 8th. Statement of corn purchased, 2000 bushels at 32½c., average, $640.00; 2000 at 33⅓ averaged $666; commission on same, $80; estimated cost of shelling, $140; total, $1,526. By cash, $1,700; balance due you, $174. I have estimated the shelling. Booge says it will cost that, and I think so; I will do it as low as it can be figured."

We think this evidence was improperly admitted. Its competency cannot be vindicated under the rule recognized in 14 Greenleaf, Sec. 109, that a declaration accompanying an act of possession may be received as part of the *res gestae*. The testimony here admitted has no reference to, and it does not in any way tend to qualify or explain the possession of of, any particular lot of corn.

That the competency of such evidence depends upon its being made at the time of possession, and simply explanatory of it, see *Taylor v. Lusk*, 9 Iowa, 444, and cases cited.

The evidence in question is but a mere general admission upon the part of the agent that he has purchased a certain quantity of corn for his principal.

It is not a part of the *res gestae*, but a rehearsal of a past occurrence.

It is not a declaration against interest, for it is manifestly for the interest of the agent to show that he had properly expended the principal's money.

We know of no rule of law which sustains the competency of this testimony. *Longnecker v. Hyde*, 6 Benn., 1; *United States v. Barker, Admin.*, 4 Wash. C. Ct., 464.

Plaintiff was also permitted to introduce the testimony of Charles Atkins, that Armour told him in the winter or spring of 1871 that he was purchasing corn for Dr. Gibson and Mr.

Howell. This testimony appears to be nothing but hearsay, and should have been excluded.

II. The court instructed the jury as follows: "If the plaintiff, with others, furnished Armour funds to buy grain which were used by him for that purpose, and the grain was all deposited in a common warehouse, and the other parties for whom he had purchased had got what was due them, and the balance was no more than was due him, he is entitled to the property as against an attaching creditor of the said Armour."

*2. INSTRUCTION: facts not in evidence.*

This instruction, we think, announces a correct rule of law. See *Young v. Miles*, 2 Wis., 615; *Garner v. Dutch*, 9 Mass., 407; *Stevens v. Raymond*, 26 Wis., 74, cited in *Johnston v. Browne*, 37 Iowa, 200.

But there was no evidence that other parties for whom Armour purchased, had obtained their share. The instruction, therefore, should not have been given. See *Moffit v. Cressler*, 8 Iowa, 122; *Byington v. McCaddon*, 34 Iowa, 216, and cases cited.

For the errors considered, the judgment must be

REVERSED.