## THE STATE v. THOMPSON.

1. **Practice**: INSTRUCTIONS: APPLICABILITY TO EVIDENCE. The giving of instructions which contain correct propositions of law but which are not applicable to the evidence, and the failure to instruct the jury how to apply the evidence given in the case, constitute error justifying a reversal.

*Appeal from Hardin District Court.*

THURSDAY, MARCH 22.

INDICTMENT for larceny. Trial by jury, verdict of guilty and judgment, from which defendant appeals.

*Porter & Moir*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

SEEVERS, J.—There was no evidence tending to show that the stolen property was found in defendant's possession at any time after the larceny. Such being true, the court instructed the jury: "Where property recently stolen is found in the possession of any person, the burden of proof is upon such person to show how he came into possession of said property, and unless such person shows that he came honestly into possession thereof the law will presume he stole the same."

1. PRACTICE: instructions: applicability to evidence.

As an abstract proposition of law the instruction was no doubt correct, but as applied to the facts or evidence it was erroneous. *The State v. Arthur*, 23 Iowa, 430; *Byington v. McCadden*, 34 Iowa, 216.

In all the cases to which our attention has been called, in which it has been held to be prejudicial error to give an instruction not based on the evidence, the jury were told if they found so and so, or if the evidence proved a certain state of facts, then the law as applied thereto was as stated. This is not the case with the instruction in the case at bar, and no other rule or guide was given the jury than is contained in the instruction itself. In one sense, it should have had no more effect on the jury than any other proposition of law wholly inapplicable to the case before them. We should, therefore, incline to hold that such instruction could not constitute prejudicial error, were it not for the fact that all the instructions given are of the same character; that is to say, they are all simple, and, as we think, correct, propositions of law, but they fail, like the one under consideration, on their face to show their applicability to the case, or evidence before the jury. The jury, therefore, were left without any other guide than correct propositions of law, it may be said, and to such they were left to apply the evidence without any intelligent aid from the court. Under these circumstances we are unwilling to say the giving of the foregoing instruction may not have been prejudicial error.

We discover no other error in the instructions, nor can we say, in the state of the record, there was any error in the admission of evidence, or that the failure of the court to sus-

tain defendant's objection to the course of argument adopted by the district attorney was prejudicial error. We confess our inability to see any justification for the line of argument adopted by the attorney for the State, and as it appears from the record before us we think the court should, when requested, have interfered; but this was a matter which, to a large extent, was within the sound discretion of the trial court, and unless error caused thereby could be affirmatively shown we should not feel warranted in interfering with the action of such court.

REVERSED.