| 62 | 139 |
| 85 | 518 |
| 62 | 139 |
| 116 | 386 |
| 62 | 139 |
| 127 | 679 |
| 62 | 139 |
| 137 | 268 |
| 62 | 139 |
| 138 | 464 |

[No. 10,752,—In Bank.]
November 21, 1882.

## THE PEOPLE v. MANUEL SALORSE.

EMBEZZLEMENT—LARCENY—DEFINITION—BAILMENT.—The defendant was charged and convicted of embezzlement of a horse, hired to him by another. Upon appeal it was claimed that the conviction was erroneous, because the offense committed, if any, was larceny, not embezzlement. *Held:* When the act of taking co-exists with a felonious intent to deprive the owner of his property, the offense is complete. Hence, if at the time of receiving the horse from its owner the defendant had the fraudulent intent to take it and convert it to his own use and to deprive the owner of it, and did in fact obtain the possession for that purpose, he would have been guilty of larceny, because a fraudulent receipt of the property of another amounts, in law, to a taking without his consent; but in this case there was no charge against the defendant, and no proof that the original taking was felonious; and the offense, therefore, constituted embezzlement, and not larceny.

ID.—ID.—MISDEMEANOR—FELONY—VALUE OF PROPERTY.—Under Section 514, Penal Code, the embezzlement of a horse or other of the animals specified in Section 487, Subdivision 3, of that Code, is felony, without regard to the value of the property.

ID.—ID.—VENUE—IRRELEVANT INSTRUCTION.—The defendant asked the Court to instruct the jury, that if the defendant, at the time of receiving the horse from its owner in the County of San Benito, intended to feloniously steal, convert, or appropriate it, they should acquit; and also the following instruction: "If you believe, from the evidence, that the horse was given into the hands of the defendant by the complaining witness in the County of San Benito, and that it was afterwards taken by defendant into the counties of Merced, Fresno, or any other county than the County of San Benito, and by him in such county lost or converted to his own use, you can not convict;" and the Court refused to grant the first instruction, and qualified the second instruction by adding: "Unless you also find that defendant, at the time of receiving the horse, intended to feloniously appropriate it to his own use."

*Held:* The first of these instructions was properly refused, because there was no evidence tending to show an appropriation by the defendant at the time of receiving the horse.

The second instruction as originally presented was not correct, because the fact that the horse might have been taken by defendant and feloniously converted to his own use in any one of the counties specified in the instruction, within five hundred yards of the county of San Benito, was ignored.

In modifying it, the Court, by its words of qualification, must have referred either to the appropriation of the horse within the five hundred yards belt between the County of San Benito and any of the outside counties, or to the original taking in the County of San Benito. If to the former, the instruction as qualified was not erroneous. If to the latter, it was, like the preceding instruction which the Court refused to give, inapplicable to the evidence in the case; and for that reason, even if erroneous, not calculated to mislead the jury.

ID. — ID. — ID. — DEPOSITION BEFORE COMMITTING MAGISTRATE — OBJECTION.—The District Attorney having offered to prove statements of the defendant when testifying as a witness in his own behalf, at his preliminary examination before the examining magistrate, the defendant objected on the ground that the deposition had been reduced to writing and that it was the best evidence; and thereupon the deposition was produced and read in evidence without objection.

*Held:* An objection to the admission of evidence can not be made in this Court for the first time. It is a general principle running through all the cases, that a party must object at the time the act is done or ruling made by the Court. If he does not, he will not be heard afterwards to complain.

ID.—IMPEACHMENT OF WITNESS—IMMATERIAL ERROR.—A question was asked the defendant, for the purpose of impeachment, as to a declaration previously made by him; but neither time, nor place, nor person present was indicated by the question.

*Held:* The objection to the question was properly sustained, and, even if the ruling was erroneous, it was error without injury, because the witness did subsequently answer a like question without objection.

APPEAL from a judgment of conviction, and from an order

denying a new trial, in the Superior Court of San Benito County.

*D. W. Burchard* and *H. W. Scott*, for Appellant.

*A. L. Hart*, Attorney General, for Respondent.

McKEE, J.:

This case arises out of an information against the defendant for embezzlement. Conviction followed the trial of the defendant, and on this appeal from the judgment and order denying his motion for a new trial, it is contended on his behalf, that the conviction is erroneous, because the offense committed, if any, was larceny, not embezzlement.

The evidence went to prove that the defendant in March, 1879, in the county of San Benito, hired a horse from its owner for a term of two months, and he agreed that he would use it exclusively in San Benito County, and redeliver it to the owner at the end of the term, and then pay for its hire. Under this contract the horse was delivered to the defendant, who used it for about a month in San Benito County, but afterwards—some time in April, 1879—he took the horse out of the county, without the consent of the owner, into the counties of Merced, Stanislaus, and San Joaquin, where he tried to dispose of it by sale or raffle, and he never returned the horse to its owner nor settled for its hire, but converted the same to his own use.

1. The proofs did not make out a case of larceny. Larceny is the felonious stealing, taking, carrying, or driving away the personal property of another. (P. C., § 484.) When the act of taking co-exists with a felonious intent to deprive the owner of his property, the offense is complete; hence, if at the time of receiving the horse from its owner the defendant had conceived the fraudulent intent to take it and convert it to his own use and to deprive the owner of it, and did, in fact, obtain the possession for that purpose, he would have been guilty of larceny, because the fraudulent receipt of the property of another, amounts in law to a taking without his consent. But here there was no charge against the defendant and no proof that the original taking was felonious. The

horse was intrusted to the defendant by the owner for a lawful purpose. There was nothing in the evidence which tended to prove that the defendant received it otherwise than for that purpose; therefore the delivery was such as to divest the owner of the possession of his horse and to vest it in the defendant, for the time expressed in their contract, to be restored at the end of that time to the owner in San Benito County. In taking the horse for that purpose, the defendant became bailee of it for the owner, and continued to hold it as such until he absconded from the county, taking the horse with him. That act, being in violation of his duty as bailee and connected with the fraudulent intent to appropriate the horse, and to deprive the owner of it, as the jury found by their verdict, constituted embezzlement and not larceny.

2. But it is also urged that if embezzlement, the conviction is erroneous, because the property stolen did not exceed fifty dollars in value; and as embezzlement is punishable as larceny, the offense was a misdemeanor, and the action was barred by the Statute of Limitations. If the offense was a misdemeanor it was barred, because the information was filed more than a year after its commission. (Pen. C., § 801,) But it was not a misdemeanor, unless the value of the property stolen constituted an element in the offense. As to the fact of value there is no conflict in the evidence. The horse did not exceed in value fifty dollars, and, in ordinary cases, this would amount to petit larceny, and would be a misdemeanor. In such cases it is true, as a general rule, that the value of property stolen must be alleged and proved; but there are exceptions to the rule in favor of a particular species of property designated by the Legislature. Thus, grand larceny is defined to be "larceny committed of a horse, mare, gelding, cow, steer, bull, calf, mule, jack, jenny, goat, sheep, or hog." (Pen. C., § 487, subd. 3.) Any one of those enumerated animals is made by the law the subject of larceny or embezzlement without reference to its value. The law makes no distinction between grand and petit larceny as in the theft of other species of property. It fixes a definite punishment for the stealing of a horse, whether its value be five hundred dollars or only five dollars. The value of the horse was therefore not an ingredient of the offense of stealing the horse,

and it was not necessary to aver or prove its value; therefore, the instruction which the defendant requested to be given to the jury, to the effect that if the value of the horse did not exceed fifty dollars, and if the embezzlement of the horse took place more than a year prior to the filing of the complaint before the committing magistrate, they must acquit, was properly refused. (*People* v. *Leehey*, 4 Pac. C. L. J. 75.)

3. It is next assigned as error that the Court refused to give an instruction to the jury at the request of the defendant, to the effect that if the defendant, at the time of receiving the horse from its owner in the County of San Benito, intended to feloniously steal, convert, or appropriate it, they should acquit: and gave the following instruction, namely: "If you believe, from the evidence, that the horse was given into the hands of defendant by the complaining witness, in the County of San Benito, and that it was afterwards taken by defendant into the counties of Merced, Fresno, or any other county than the county of San Benito, and by him in such county lost or converted to his own use, you can not convict, unless you also find that defendant, at the time of receiving the horse, intended to feloniously appropriate it to his own use."

The first of these instructions was properly refused, because, as has been already stated, there was no evidence tending to show an appropriation by the defendant at the time of receiving the horse. The second of the instructions, as appears by the record, is marked, "given with the words of qualification contained in the last part of the instruction."

As it was originally presented, the instruction was not correct, because the point of law comprehended in it was not stated fairly and concisely. The fact that the horse might have been taken by defendant, and feloniously converted to his own use in any of the counties specified in the instruction, within five hundred yards of the County of San Benito, was ignored. A fraudulent appropriation of the horse in any of those counties, within the five-hundred-yard belt of the county in which the horse had been rightfully received, would have made the defendant guilty, and he was not entitled to acquittal. So that, instead of modifying the instruction, the Court should have refused it. But in modifying it, the Court, by

its words of qualification, must have referred either to the appropriation of the horse within the five-hundred-yard belt between the County of San Benito and any of the outside counties specified in the original instruction as presented (because the Court had previously fully instructed the jury upon that point), or to the original taking in the county of San Benito. If to the former, the instruction, as qualified, was not erroneous; if to the latter, it was, like the preceding instruction, which the Court refused to give, inapplicable to the evidence in the case, and, for that reason, was not calculated to mislead the jury; and if erroneous, the error was not prejudicial, for it appears, by the record, that the law of the case, as it was submitted to the jury on the evidence, was fairly presented by the Court. By the unchallenged instructions contained in the record, the jury were correctly charged as to what constituted embezzlement, and also, as to the necessity of finding that the offense, if committed at all, was within the jurisdiction of San Benito County. Two of those instructions given by the Court of its own motion, two given at the request of the defendant, and one at the request of the prosecution, especially directed the jury that if they found that the offense was not committed in the County of San Benito, or within five hundred yards of the boundary line thereof, they must acquit. As an entirety these instructions correctly laid down the law of the case, and the verdict returned by the jury was according to the evidence. That being the case, this Court will not set aside the verdict and grant a new trial, even if it should find in the record an erroneous instruction, which was not calculated to mislead the jury, and where the jury were bound to find as they did. (*Moffitt* v. *Cressler,* 8 Iowa, 122; *State* v. *Donovan,* 10 Nev. 36; *Carrington* v. *P. M. S. S. Co.,* 1 Cal. 476.)

4. For the purpose of proving the appropriation of the horse by the defendant and his movements in the several counties through which he went with it, the District Attorney offered to prove some statements which the defendant had made when testifying as a witness in his own behalf at his preliminary trial before the committing magistrate. To oral evidence of such statements counsel for defendant objected that they had been reduced to writing in the form of a depo-

sition, and that the deposition was the best evidence. The deposition was then produced and read as evidence, without objection. Yet the admission of the deposition is now assigned as error. An objection to the admission of evidence can not be made for the first time in an appellate Court. It is a general principle running through all cases that a party must object at the time an act is done, or a ruling made by the Court. If he does not, he will not be heard afterwards to complain. (*King* v. *Haney*, 46 Cal. 560; *People* v. *Long*, 43 id. 444; *Livermore* v. *Stine*, 43 id. 274.)

5. The question asked by defendant of the complaining witness was evidently for the purpose of impeachment. But neither time nor place, nor person present, was indicated by the question (C. C. P., § 2054); the objection made to the question was therefore properly sustained. But if the ruling was erroneous it was error without injury, because witness did subsequently answer a like question, without objection.

Judgment and orders appealed from affirmed.

MORRISON, C. J., and MYRICK, ROSS, SHARPSTEIN, and MC-KINSTRY, JJ., concurred.