[No. 1887.]

### JOE COHEN v. THE STATE.

1. EMBEZZLEMENT — CHARGE OF THE COURT — VENUE — CASE STATED.— It was proved in a prosecution for the embezzlement of goods, that, the goods being selected from their stock by the owners and the accused, acting together, the owners packed the same in trunks, and at the request of the accused delivered the trunks to the railway company in Galveston for shipment to Luling, paying the excess freight and receiving checks for the trunks upon the accused's ticket, which checks they delivered to the accused in Galveston. *Held,* that the delivery of the checks in Galveston was a sufficient delivery of the goods in Galveston to fix in that county the venue in a

prosecution of the accused for the embezzlement of the goods. See the opinion *in extenso* for a charge of the trial court upon the subject *held* correct.

2. SAME.— EMBEZZLEMENT, under article 219 of the Code of Criminal Procedure, " may be prosecuted in any county in which the offender may have taken or received the property, or through or into which he may have undertaken to transport it."

3. SAME — CHARGE OF THE COURT.— LIMITATION as to the period of time when a prosecution for crime is barred is not a question to be submitted by the charge to the jury in the absence of evidence which presents that issue.

4. SAME — CONSENT.— To support a conviction for the appropriation of property belonging to joint owners, it devolves upon the State to prove the non-consent of all the owners.

5. SAME — FACT CASE.— See the statement of the case for evidence which, failing to establish the non-consent of one of the joint owners of the goods, is *held* insufficient to support a conviction for the embezzlement of the goods.

APPEAL from the Criminal District Court of Galveston. Tried below before the Hon. Gustav Cook.

The conviction in this case was for the embezzlement of certain articles of clothing, of an aggregate value exceeding $20, the property of Jacob Bernheim and Nathan Redlick, copartners, composing the mercantile firm of S. Jacobs, Bernheim & Co. The venue was laid in Galveston county, Texas, and the offense was alleged to have been committed on the 22d day of June, 1884. The penalty assessed against the appellant was a term of two years in the penitentiary.

Nathan Redlick was the first witness for the State. He testified that he and Jacob Bernheim were copartners in the mercantile business, and conducted their business under the firm name of S. Jacobs, Bernheim & Co., in the city of Galveston, Texas. On the 22d day of June, 1884, the defendant was in the employ of the said firm as a drummer, his business being to travel and to sell goods by sample for the firm, the said samples being furnished him by the firm. Witness employed the defendant on Saturday, June 21, 1884, in Galveston, Texas, and the samples were selected, packed in trunks and delivered to him on the same day in the said city of Galveston. The goods furnished him were articles of male attire and, with the two trunks in which they were packed, were worth in the aggregate within a fraction of $1,550. The goods belonged to the firm of S. Jacobs, Bernheim & Co. They were selected from the stock, and placed on a counter to themselves. The defendant was in and out of the store during the day, and while they were being selected, and examined them. The goods were placed in the trunks, and at the

request of the defendant the witness went to the railroad depot and shipped the trunks of goods to Luling, paying the excess freight and obtaining checks for the trunks, which checks he delivered to defendant in the said city of Galveston on the said 21st day of June, 1884, in the evening. The trunks were checked on the defendant's ticket. Luling, to which place the trunks were shipped, was the point where the defendant was to leave the railroad and take the dirt roads. His business was to represent the firm of S. Jacobs, Bernheim & Co. in the sale of goods by sample. Witness was not certain, but thought that defendant left Galveston on the morning of June 22, 1884, since when the witness did not see him again until after his arrest in St. Louis, Missouri, some eleven months later. Witness heard from him by letter but once after the goods were delivered to him. That letter, which was read in evidence, was written from the Menger Hotel in San Antonio, Texas, on June 24, 1884. The letter was important only as stating his alteration of the route he intended to travel for the next few weeks. The State also read in evidence the following letter, which the witness testified was in defendant's handwriting:

"Everett House, St. Louis, May 14, 1885.

"Mess. A. J. Lewis & Co.:

"*Gents* — I arrived here this evening and cannot call on you, as I found a telegram here on my arrival which makes it necessary for me to go right on. I wished to see you in regard to balance due me for my firm on sale of clothing samples last July. I have just returned from London, Eng., where I have been very sick. My house never heard from me in regard to balance due. I will be in Chicago Saturday, and I hope you will send me money order there for same. I would of attended to this sooner, only I knew it was all right with you. I will be back here in August, when I hope you will get my samples again.          Respt.,

"J. Cohen,

"Post Office, Chicago."

Continuing his testimony, the witness Redlick said that he furnished the defendant with money to defray his traveling expenses, and directed him to draw on the firm whenever necessity should arise. The defendant was especially instructed not to sell the samples. He was never authorized by the witness or his firm to dispose of the goods or to appropriate them or their proceeds. Defendant never made a sale for the firm. He never returned the goods in whole or in part. The firm was not indebted to defendant, but, on the contrary, at his request advanced him money which was paid to

his wife.  Mr. Jacob Bernheim was in New York city at the time of this trial.  Witness knew of no instructions given by Mr. Bernheim to the defendant.  The trunks of goods shipped to Luling by witness were deliverable to the defendant upon the checks which witness gave him.

C. Benevides testified, for the State, that he lived in Laredo, Webb county, Texas, where he was engaged in the mercantile business. On the 27th day of June, 1884, the defendant sold to witness some sample goods belonging to S. Jacobs, Bernheim & Co., for which witness paid him $175.  He billed the articles mentioned in the indictment to witness as sold by S. Jacobs, Bernheim & Co., and receipted for the payment as "S. Jacobs, Bernheim & Co., per Cohen, salesman;" which said bill, so receipted, was read in evidence by the State.  He told witness that he had been instructed by S. Jacobs, Bernheim & Co. to sell them.  Witness did not see the defendant after that purchase.  The State closed.

W. Wade testified, for the defense, that he resided at Luling. When at that town in June, 1884, the defendant applied to witness to haul his trunks to the country.  Witness found them too heavy to haul in his spring wagon, and proposed to take them in his road wagon, suggesting that defendant get a buggy to follow them.  Defendant declined because the attending expense would be too great. Witness did not know what mercantile house defendant represented.

The motion for new trial raised the questions discussed in the opinion.

*J. R. & W. T. Burns*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

White, Presiding Judge.  Appellant was indicted for embezzlement of certain goods, the property of Jacob Bernheim and Nathan Redlick, doing business as copartners under the firm name of S. Jacobs, Bernheim & Co.  Appellant was employed by the firm in the city of Galveston, as drummer for the sale of goods, and the articles alleged to have been embezzled were the sample goods furnished him by the firm, and consisted of quite a lot of gentleman's clothing.  These goods were selected from their stock by direction of S. Jacobs, Bernheim & Co. in the city of Galveston, and during the time they were being selected defendant was in and out of the store and examined them.  After they (the samples) had been selected, they were packed in trunks.  Appellant was to act as drum-

mer and sell goods in Southwestern Texas, and Luling was the point to which these samples were to be shipped by rail. At that point appellant was to leave the railroad and take to the dirt roads, in representing the house of S. Jacobs, Bernheim & Co. as their agent for the sale of the goods. After the goods were packed in trunks as aforesaid, at the request of appellant, Nathan Redlick, one of the members of the firm, went to the depot in Galveston and shipped the trunks to Luling, paying the excess in weight and receiving checks on defendant's ticket for the trunks, which checks he delivered to defendant in Galveston. Defendant sold the entire stock of samples to a mercantile house in Laredo, Texas, and never accounted for the same to S. Jacobs, Bernheim & Co.

It is insisted that if any offense was committed by appellant it was not committed in Galveston county, and that hence the criminal district court of said county had no jurisdiction to try and determine the same. The position assumed is that the goods were not actually delivered by the firm to defendant, and that they did not come into his possession as agent in Galveston county; that the delivery and possession in said county was only constructive, if a delivery to him of the checks for the trunks at Luling, their destination, could in any manner be called a delivery and possession of the property; that Luling was the point in fact at which the trunks were to be delivered and his possession and agency to commence.

Upon this point the learned trial judge instructed the jury: "If the property was actually delivered into his possession, or if it was shipped by his direction or with his knowledge and approval to another point by rail, where the defendant himself in his agency and employment was going, and checks taken therefor and delivered to him in Galveston by virtue of which defendant controlled the possession of the property, it is alike in legal effect, and no further act was necessary to make complete in him the possession and authority to control the property for the purposes of his agency and employment," etc.

This was a correct statement of the law of the case. There can be no question, in our opinion, that defendant's possession and control of the goods was complete, under the circumstances stated, in Galveston county. By selling the checks for the trunks to a third party in Galveston he certainly could have transferred the title and right to said third party to receive and demand possession of them at Luling; and we imagine that the checks would have entitled him to demand possession of the trunks in Galveston before they were shipped to Luling. We are of opinion the venue of the offense was

properly laid in Galveston county. The property came into his possession in Galveston county as agent of the firm. (Penal Code, art. 786; *Cole* v. *The State*, 16 Texas Ct. App., 461.) Under the facts stated, appellant could have been tried for embezzlement in Galveston county, or " in any county in which he may have taken or received the property, or through or into which he may have undertaken to transport it." (Code Crim. Proc., art. 219; *Reed v. The State*, 16 Texas Ct. App., 586; 62 Cal. 139.)

By the indictment the crime is alleged to have been committed on the 22d day of June, 1884; the indictment was filed the 14th day of July, 1885. An indictment for embezzlement under our statute may be presented within three years from the commission of the offense, and not afterward. (Code Crim. Proc., art. 199.) No question of limitation was raised or attempted to be raised by the evidence on the trial, and yet it is insisted that the charge of the court is fatally defective in not instructing the jury in respect to the period of time to which they should limit their investigations, as to the commission of the offense.

We have time and again held that it was unnecessary to charge upon the limitation within which an offense could be prosecuted, if there was no issue or question of limitation raised by the evidence in the case. (*Vincent* v. *The State*, 10 Texas Ct. App., 331; *Hay* v. *The State*, 11 Texas Ct. App., 32.)

One fatal error, however, is pointed out in the record, which will necessitate a reversal of this judgment. As before stated, the individual partners composing the firm of S. Jacobs, Bernheim & Co. were Nathan Redlick and Jacob Bernheim. Whilst the record shows that Redlick appeared and testified that he had not given his consent to the misapplication, appropriation and conversion of the goods by defendant, no such want of consent was shown so far as the other partner, Jacob Bernheim, was concerned. His non-consent was also an essential matter to be proven by the State, and until that was proven the case was not made out. This was made specially necessary because the State proved herself, by the witness Benavides, to whom the samples were sold, that defendant told him he had a letter of instructions from S. Jacobs, Bernheim & Co. to sell the goods, and there was no direct or circumstantial proof that Jacob Bernheim did not so instruct him.

For this omission in the proof the evidence is insufficient to support the conviction, and the judgment is therefore reversed and cause remanded.

*Reversed and remanded.*

[Opinion delivered February 3, 1886.]