STEIN v. THE CITY OF COUNCIL BLUFFS.

1. **Instruction**: NOT WARRANTED BY EVIDENCE: INJURY ON STREET CROSSING. In an action for an injury on a defective street crossing, an instruction, correct in the abstract, is *held* error in this case, because it submitted to the jury as material a question on which there was no evidence.

*Appeal from Pottawattamie Circuit Court.*

SATURDAY, JUNE 25.

ACTION by Elizabeth Stein, appellee, for the recovery of damages on account of a personal injury caused, as is alleged, by a defect in a street-crossing which the defendant city was bound to keep in repair. There was a verdict and judgment for plaintiff. Defendant appeals.

*George A. Holmes*, for appellant.

*Wright, Baldwin & Haldane*, for appellee.

REED, J.—There was evidence which tended to prove that plaintiff, while crossing one of the streets of the city upon a plank crossing maintained by it, stepped into a hole in the crossing, and fell, fracturing one of the bones of her left arm; also that the hole was about two feet in length, and of the width of one of the planks of which the crossing was constructed, and that the defect had existed for some time before the accident occurred; but the exact length of time it had existed was not shown, and there was no evidence either as to how the plank became broken, or as to the length of time since its construction, or as to the manner in which it was constructed, or the quality of material of which it was constructed. The circuit court gave the following instruction: "If you find that the crossing in question was in a defective condition, and that plaintiff was injured on account thereof, without negligence on her part, it is not necessary, in order for the plaintiff to recover, to show that actual notice of the

Stein v. The City of Council Bluffs.

defect in said crossing was given to the city, if the defect was the result of defective construction by the defendant originally, or if the defects therein were notorious, and had remained for sufficient length of time to enable the defendant, by reasonable diligence, to know of the existence of the same. But if the crossing was properly constructed, and afterwards became out of repair, then the defendant will not be liable, unless you find from the evidence that it had notice of such defects. But actual notice to the defendant need not be shown in all cases, but it may be inferred from the notoriety of the defect, or from its continuance for such length of time as to lead to the presumption that the proper officials of the city did in fact know of the same, or with proper diligence might have known the same."

The correctness of this instruction as an abstract proposition is not questioned. As, however, it was not applicable in all its parts to the evidence in the case, it should not have been given. It told the jury that, if the defect in the crossing was the result of defective construction originally, the defendant would be chargeable without any notice whatever of its existence. By it the jury were in effect directed to determine whether the city was liable for the injury on the ground that the crossing was defectively constructed originally. But, as stated above, there was no evidence whatever either as to the manner of its construction, or the quality of the material used, or the length of time since its construction. It was simply proven that one of the planks had been broken, causing the hole into which plaintiff stepped when she received the injury. But the mere existence of the defect, without more, affords no evidence of original defective construction.

As the question whether the city was chargeable with notice of the defect was a material one in the case, it could hardly fail to be prejudiced by the submission of a theory, upon which it would be chargeable without notice, which found no basis in the evidence. It has so frequently been

held that it is reversible error to submit to the jury, as mate-
rial in the case, a question upon which there is no evidence,
that we do not deem it necessary now to cite the cases hold-
ing the rule.

As we must reverse on this ground, we do not consider the
question whether the verdict finds support in the evidence.

REVERSED.