JOSEPH PODHAISKY v. CITY OF CEDAR RAPIDS, Appellant.

**Instructions:** MEASURE OF DAMAGES.   In an action against a city to recover for the removal of ground protecting the plaintiff's property and the diversion of water so that it washed away his land, an instruction which authorizes the jury to allow as damages the difference between the value of the premises prior to such wrongful acts and their value afterwards is erroneous where such acts occurred four years before the trial, since the depreciation might have been due in part to other causes than the defendant's acts.

CHARGE AND EVIDENCE: *Presumption on appeal.*   An instruction that the measure of damages for injury to land was the difference in value before and after such injury is erroneous, where there is no evidence as to the value and unless an erroneous instruction is shown to be harmless, it will be presumed to be prejudicial.

Same.    Plaintiff sought to recover damages for the reduction in the
    rental value of his property resulting from odors caused from
    stagnant waters, but made no complaint of certain bridges. He
    testified, without objection, as to its rental value, and that the
    rent would amount to a certain sum "if those bridges were removed
    and the smell were taken away." Another testified that the rental
    value would be increased one-half "if the nuisance were removed."
    His other testimony showed that by "nuisance," he meant the
    odors and gases, and not the bridges.  *Held*, that there was suffi-
    cient evidence of value to justify an instruction that the measure
    of damages would be the difference between the rental value as i
    was and as it would be free from the odors and gases.

*Appeal from Linn District Court.—Hon. H. M. Remley,
Judge.*

Saturday, October 22, 1898.

Action at law to recover for injuries alleged to have
been caused by negligence and wrongful acts on the part of the
defendant in connection with one of its streets.   There was
a trial by jury, and a verdict and judgment for the plaintiff.
The defendant appeals.—*Reversed.*

*Warren Harman* and *J. J. Powell,* for appellant.

*Bingham & Mekota,* for appellee.

Robinson, J.—The evidence tends to establish the fol-
lowing facts:   The plaintiff is the owner of one entire lot and
parts of four other lots, which are situated about 1,200 feet
west of the Cedar river.   They are between Third and Fourth
streets, and front southward on E avenue, which extends from
the river westward, and is commonly known as the "Vinton
Ditch."   It was, at one time, a part of the Vinton road, but
about the year 1864 it commenced to wash out from a point
a considerable distance west of the river, and in the spring
of the year 1868 the ditch thus made reached the river.   Since
that time it has been the outlet for a large quantity of surface
water, and in front of the property of the plaintiff it is a lit-
tle more than sixty feet in width, occupying nearly the entire
street at that point, and is there about seven feet in depth.

When the plaintiff acquired title to the lot and parts of lots in controversy, some twelve years before the trial was had in the district court, the street was in much the same condition that it is now, excepting that in it, in front of the lots, was an island about twenty-five feet in length, twenty feet in width, and seven feet in height. That has been removed by the defendant. The premises in controversy have been included within the territorial limits of the defendant since the year 1879. The defendant has commenced to build a large sewer in the center of the street, but it has not yet reached the property of the plaintiff. The plaintiff has three dwelling houses on the lot and parts of lots described, two of which front on E avenue, and all of which are within fifteen feet of the ditch.

The petition contains two counts. In the first the plaintiff states that the defendant has negligently caused and permitted large volumes of surface water to be diverted from their natural course and drained into E avenue, causing the part of the avenue next to the plaintiff's property to be washed away until the avenue has become impassable, and causing a portion of his property to be undermined and carried away, to his damage in the sum of one thousand dollars. The second count includes the averments of the first count, and states, in addition, that the defendant has permitted the accumulation of stagnant water, garbage, the carcasses of animals, and other filth by the side of and near to the property described, until the accumulations have become green and putrid, emitting odors and poisonous gases, which have endangered the health and life of the plaintiff and his family, deprived him of the free, quiet, and peaceable possession of the property, and greatly injured and depreciated its rental value, and that plaintiff has been compelled to fill his lots where they were washed out at a great expense, to his damage in the sum of one thousand dollar.

I.   It was the theory of the plaintiff that the defendant had diverted to the ditch water which would naturally have flowed elsewhere and that the removal of the island caused the

water in the ditch to be directed against his lots in such manner as to wash portions of them away, thus making it necessary to fill in and protect them, at considerable expense.

The district court charged the jury in regard to it as follows: "If you find, under the evidence, that the plaintiff is entitled to recover anything on the first count of his petition, you are instructed that the measure of his damages would be the difference in the value of his said premises as they were just before defendant did remove said dirt and make said additional ditches, if you so find, and what they were worth after any of said lots was washed away which would not have been washed away had the defendant not performed said acts." The defendant justly complains of that paragraph of the charge. The island was removed about four years before the trial in the district court was had, and within five years preceding that time the defendant made the changes which it is claimed diverted water from other outlets to the ditch. This action was commenced on the fourteenth day of March, 1896. The plaintiff states that he was obliged to fill in his lots and protect them against the water every year; that he drove piling and put in plank and filling in the spring of each of the years 1892, 1893, 1894, and 1895. Under the charge given, the jury was authorized to allow as damages the difference between the value of the premises just before the island was removed and the new ditches were made and their value at any time afterwards, during the entire term of four or more years, even though the depreciation might have been due in part to other causes. The charge should have limited plaintiff's recovery to the damages caused by the wrongful acts or negligence of the defendant.

A further objection to the portion of the charge quoted is that there was no evidence from which the jury could have determined the difference in value to which the charge refers. Nothing in the record shows the value of the lots at any time, and the difference in value, if any, which the jury was instructed to find, could only have been determined by conjecture. That it is erroneous to submit to a jury

a material issue of fact, concerning which there is no evidence is well settled. *Trapnell v. City of Red Oak Junction,* 76 Iowa, 744; *Stein v. City of Council Bluffs,* 72 Iowa, 180; *Reed v. Railroad Co.,* 57 Iowa, 23; *Moffitt v. Cressler,* 8 Iowa, 122. We do not think it is shown that the error was harmless, and we must presume that it was prejudicial.

II.  The court charged the jury that, if the plaintiff was entitled to recovery on the second count of his petition, the measure of his recovery would be the difference between the rental value of the premises if they had been free from odor and noxious gases arising from the garbage and other filth in E avenue and as they were with such odors and gases present. The defendant complains of this on the ground that the evidence did not show what such difference was. It appears that E avenue had been bridged at Third and also at Fourth street, although no complaint of the bridges is made in the petition. The plaintiff testified that he could rent his houses for but ten dollars per month, but that they would have brought eighteen to twenty dollars per month during the preceding five years "if those bridges were removed and the smell taken away." He did not give any other testimony in regard to the rental value of the property had the odors and gases from the ditch been prevented, and, so far as the portion of the charge relates to his testimony, the objection urged is well founded. But no objection was made to the testimony so given, and another witness stated that the rental value of the property would be increased one-half "if the nuisance were abated." His testimony shows that by "nuisance" he referred to the condition caused by the accumulation of rubbish and filth of various kinds in the ditch near the premises of the plaintiff, and the odors and gases therefrom, and not to the bridges. That testimony is not disputed. Therefore the claim that there was no evidence upon which to base the portion of the charge under consideration is not well founded. The conclusions we have expressed dispose of all questions presented in argument which are likely to arise during another trial. For the errors pointed out the judgment of the district court is REVERSED.