THE PEOPLE, PLAINTIFF AND RESPONDENT, v. REYES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in an action for embezzlement.

No. 639.—Decided December 18, 1913.

EMBEZZLEMENT.—Embezzlement is the fraudulent appropriation of property by a person to whom it had been confided or who was in lawful possession thereof.

ID.—UNLAWFUL SALE OF PROPERTY—APPROPRIATION OF PROCEEDS OF SALE.—In an information charging the accused with having unlawfully sold a heifer which he had received to raise for a share of the profits derived therefrom and appropriated the proceeds to his own use, the property embezzled is the heifer and not the proceeds of the sale, hence it is not necessary to allege in the information the amount of the proceeds of the sale. The doctrine laid down in the case of *The People* v. *Alomar*, 10 P. R. R., 282, is not applicable to this case, because in that case the property embezzled was the proceeds of the sale of the horse and not the horse itself.

ID.—FRAUDULENT SALE OF HEIFER—FELONY.—The fraudulent sale of a heifer received to raise for a share of the profits, appropriating the proceeds of the sale, constitutes a felony whatever may be the amount of the proceeds of the sale, according to sections 455 and 428 of the Penal Code.

ID.—VERDICT—FELONY.—When an accused is charged with embezzlement consisting in having sold unlawfully a heifer received to raise for a share of the profits and appropriated the proceeds of the sale and the jury finds him guilty of embezzlement, such verdict is sufficient and a sentence of one year in the penitentiary, which can be imposed only in cases of felony, is not erroneous because the crime of embezzlement is not graded and the fraudulent appropriation of a heifer is always a felony.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Luis Samalea Iglesias* for appellant.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of San Juan, Section 2, sentencing the appellant, Gerónimo Reyes, who had been convicted of the crime of embezzlement by a jury, to imprisonment for one year in the penitentiary at hard labor.

The pertinent part of the information on which the action was based reads as follows:

"The *fiscal* charges Gerónimo Reyes with the crime of embezzlement, a felony, committed as follows: The said Gerónimo Reyes, on or about June 13, 1911, in the district of Loíza, which is a part of the judicial district of San Juan, unlawfully, wilfully, and' maliciously and with intent to defraud Asisclo Medina, sold, without the latter's consent, a heifer which he had received from the said Medina to raise for a share of the profits, and appropriated the proceeds to his own use, thus defrauding the owner of the heifer."

There is no bill of exceptions or statement of facts, but the accused, through his attorney, both in his brief and orally, raised the following questions for our consideration and decision:

(*a*) That the information lacks sufficiency.

(*b*) That the judgment is erroneous.

The accused alleges that the information does not charge him with the commission of any act constituting the crime, because it fails to state of what the embezzled property consists.

According to the statute (sec. 445 of the Penal Code of Porto Rico) and to jurisprudence (*Moore* v. *United States,* 160 U. S., 268) the crime of embezzlement consists in the fraudulent appropriation of property by a person to whom it had been confided or who was in lawful possession thereof.

Manifestly, then, the embezzled property must exist and said property should be described in the information or in the complaint.

In the present case the embezzled property consists of the heifer which Asisclo Medina delivered to the accused to raise for a share of the profits and which the accused unlawfully, wilfully, and maliciously sold without Medina's consent, appropriating the proceeds to his own use, with the intent to defraud Medina. It is not absolutely necessary to state the amount "of the proceeds" because the heifer and not the proceeds constitutes the thing embezzled; therefore, the following doctrine invoked by the appellant and laid down by this court in the case of *The People* v. *Alomar,* 10 P. R. R., 282, is not applicable: An information charging embezzlement

"must state clearly what property was appropriated, and where it is a sum of money it must be so alleged and the amount thereof must be stated in order that the defendant may know whether he is charged with a felony or a misdemeanor." The facts in the said case of *The People* v. *Alomar* are different from those in the case at bar, for in the former the proceeds of the sale of the horse referred to in the information, and not the horse itself, were the subject of the offense.

The property entrusted to and unlawfully appropriated by the accused being a "cow, steer, bull or calf" the crime with which the *fiscal* charges him constitutes a felony, as stated in the information, in accordance with section 455 and subdivision 3 of section 428 of the Penal Code of Porto Rico, and therefore the accused was sufficiently informed of the kind of offense with which he was charged. See the case of *The People* v. *Salorse,* 62 Cal., 142, 143.

Let us examine the other question raised. The accused alleges that in any event the judgment is erroneous because it is based on a verdict which, considering the form in which it was rendered and the way in which the information is drawn up, is so ambiguous that the offense of which the accused was convicted cannot be determined therefrom.

The verdict reads as follows: "We, the jury, find the accused, Gerónimo Reyes, guilty of the crime of embezzlement," and the defendant was sentenced to one year in the penitentiary, a punishment which can be imposed only in cases of felony.

We have already said in deciding the first of the questions raised that the accused is charged in the information with a felony. Starting from that base it must be held that the verdict is sufficient. The crime of embezzlement is not divided into degrees even though the penalty fixed by the Legislature for the crime of larceny is imposed. See the decision of this court in the case of *The People* v. *Kent,* 10 P. R. R., 325, where the sufficiency of the verdict in a case of embezzlement is given full consideration. Also, and above all, see section 283 of the

Code of Criminal Procedure which in its pertinent part reads as follows: ''A general verdict upon a plea of not guilty is either 'guilty' or 'not guilty,' which imports a conviction or acquittal of the offense charged in the information   *   *   *.''

The appeal should be dismissed and the judgment appealed from affirmed.

<em>Affirmed.</em>

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.