## El Pueblo, Demandante y Apelado, v. Reyes, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en un caso sobre abuso de confianza.

No. 639.—Resuelto en diciembre 18, 1913.

Abuso de Confianza—Definición.—Abuso de confianza es la fraudulenta apropiación de bienes por una persona a quien habían sido confiados, o en cuyas manos estaban legalmente.

Id.—Venta Ilegal de una Novilla—Apropiación del Producto de la Venta.— En una acusación en que se imputa al acusado el haber vendido ilegalmente una novilla que había recibido a partir utilidades, apropiándose su importe, la propiedad defraudada consiste en la novilla y no en el producto de la venta, no siendo por tanto necesario alegar en la acusación la cuantía del precio de la venta. La doctrina en el caso de *El Pueblo* v. *Alomar*, 10 D. P. R., 297, no es de aplicación a este caso, porque allí la materia del delito era el producto de la venta de un caballo y no el caballo mismo.

Id.—Apropiación Fraudulenta de una Novilla—Felony.—El delito de vender fraudulentamente una novilla recibida a partir utilidades apropiándose del importe de la venta, de acuerdo con los artículos 455 y 428 No. 3 del Código Penal, es constitutivo de *felony*, cualquiera que sea el importe de la venta.

Id.—Veredicto Suficiente—Grados del Delito.—Cuando a un acusado se le imputa el delito de abuso de confianza consistente en vender ilegalmente una novilla recibida a partir utilidades apropiándose del importe de la venta, y el jurado lo declara culpable del delito de abuso de confianza, tal veredicto es suficiente y no es errónea la sentencia que condena al acusado a la pena de un año de presidio que sólo puede imponerse en casos de *felony*, pues el delito de abuso de confianza no se divide propiamente en grados y la apropiación fraudulenta de una novilla constituye siempre *felony*.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelado: *Sr. Luis Samalea Iglesias.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra sentencia dictada por la Corte de Distrito de San Juan, Sección 2ª., por virtud de la cual el apelante, Gerónimo Reyes, fué condenado a sufrir un año de presidio con trabajos forzados como autor, declarado culpable por un jurado, del delito de abuso de confianza.

La acusación, base del proceso, en lo pertinente, dice así:

"El Fiscal formula acusación contra Gerónimo Reyes por un delito de Abuso de Confianza (*felony*) cometido como sigue: El citado Gerónimo Reyes, allá el día 13 de junio de 1911, en la jurisdicción de Loíza, que forma parte del Distrito Judicial de San Juan, ilegal, voluntaria y maliciosamente y con la intención de defraudar a Aciscло Medina, vendió una novilla que había recibido del citado Medina a partir utilidades sin su consentimiento, apropiándose de su importe y defraudando así al propietario de la novilla."

No existe pliego de excepciones ni relación de hechos, pero el acusado por medio de su abogado por escrito y oralmente promovió las siguientes cuestiones, que debemos estudiar y resolver:

(*a*) Que la acusación es insuficiente,

(*b*) Que la sentencia es errónea.

Alega el acusado que en la acusación no se le imputa un hecho constitutivo del delito, porque en la misma no se expresa en qué consiste la propiedad defraudada.

Abuso de confianza, de acuerdo con la ley, art. 445 del Código Penal de Puerto Rico, y la jurisprudencia, *Moore* v. *United States,* 160 U. S., 268, es la fraudulenta apropiación de bienes por una persona a quien habían sido confiados o en cuyas manos estaban legalmente.

Es bien claro, pues, que tiene que existir una propiedad defraudada y que dicha propiedad debe describirse en la acusación o en la denuncia.

En el presente caso la propiedad defraudada consiste en la novilla que Aciscло Medina entregó al acusado a partir utilidades y que el acusado vendió sin su consentimiento, ilegal, voluntaria y maliciosamente, y con ánimo de defraudarlo,

apropiándose de su importe. Y no es absolutamente necesario fijar la cuantía "del importe," porque no es éste sino la novilla la materia del delito, no teniendo aplicación por tanto la doctrina invocada por el apelante y establecida por esta Corte Suprema en el caso de *El Pueblo* v. *Alomar*, 10 D. P. R., 297, o sea la de que en las acusaciones por abuso de confianza "debe expresarse claramente cuáles fueron los bienes de que el acusado se apropiare, y si es una suma de dinero, debe expresarse así, y especificarse el montante de la misma, a fin de que el acusado sepa si se le imputa un delito *felony* o *misdemeanor*." Los hechos en el dicho caso de *El Pueblo* v. *Alomar* son distintos a los de este que ahora resolvemos, pues en el de Alomar el producto de la venta del caballo a que se refería la acusación y no el caballo mismo, era la materia del delito.

Siendo la propiedad confiada a y defraudada por el acusado un "individuo de la especie vacuna," el delito que le imputó el Fiscal era constitutivo de *felony* tal como se expresó en la acusación, de acuerdo con los artículos 455 y 428, No. 3, del Código Penal de Puerto Rico, y el acusado fué por tanto suficientemente informado de la clase de delito que se le imputaba. Véase el caso de *People* v. *Salorse*, 62 Cal., 142, 143.

Examinemos la otra cuestión suscitada. Alega el acusado que en todo caso la sentencia es errónea porque se basa en un veredicto que, atendida la forma en que aparece redactado y la en que lo está la acusación, resulta tan dudoso que no puede por él determinarse el delito de que se declaró culpable al acusado.

El veredicto dice así: "Nosotros, los señores del jurado, declaramos al acusado Gerónimo Reyes culpable del delito de abuso de confianza." La sentencia condenó al convicto a la pena de un año de presidio que sólo puede imponerse en casos de *felony*.

Ya hemos dicho al estudiar y resolver la primera de las cuestiones levantadas, que en la acusación se imputó al acusado un delito grave, *felony*. Partiendo de esa base, es nece-

sario concluir que el veredicto es suficiente.   El delito de abuso de confianza no se divide propiamente en grados aun cuando se le castiga con la pena fijada por el legislador para el delito de hurto.   Véase la decisión de esta Corte Suprema en el caso de *El Pueblo* v. *Kent,* 10 D. P. R., 393 a 399, en donde se estudia ampliamente la suficiencia del veredicto en un caso de abuso de confianza y, sobre todo, el artículo 283 del Código de Enjuiciamiento Criminal que, en lo pertinente, dice así: "Un veredicto general en el caso de negarse la acusación, se limita a la expresión 'culpable' o 'inocente,' lo que implica la declaración de estar el acusado convicto o absuelto del delito imputádole en la acusación.   *   *   *.''

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.