[Crim. No. 844.  Department Two.—September 13, 1902.]

THE PEOPLE, Respondent, v. JOHN A. GRAY, Appellant.

CRIMINAL LAW—SEDUCTION UNDER PROMISE OF MARRIAGE—SENTENCE FOR MISDEMEANOR—STATUTE OF LIMITATIONS.—Though the crime of seduction under promise of marriage may be punished either as a felony or as a misdemeanor, when it is punished as a misdemeanor the offense must be deemed a misdemeanor for all purposes; and where the indictment was not found within one year after the commission of the offense, the criminal action is barred by the statute of limitations.

APPEAL from a judgment of the Superior Court of Riverside County and from an order denying a new trial. B. N. Smith, Judge presiding.

The facts are stated in the opinion of the court.

John G. North, Earl Rogers, and Kendrick & North, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and Lyman Evans, District Attorney, for Respondent.

McFARLAND, J.—The defendant was indicted for and convicted of the crime of seduction under promise of marriage; and the judgment of the court below was, that he should be punished by a fine, and in default of payment thereof by imprisonment in the county jail at the rate of two dollars per day, etc. He appeals from the judgment and from an order denying a motion for a new trial.

In our opinion the contention of appellant that the offense of which he was convicted was barred by section 801 of the Penal Code must be sustained; and, therefore, it was not necessary to consider the many other points which he makes for a reversal, some of which at least raise grave questions.

The offense with which appellant was charged (Pen. Code, sec. 268) is punishable either by imprisonment in the state prison or by a fine. It may therefore be either a felony or a misdemeanor; and whether it is to be considered the one or the other depends upon the character of the judgment rendered by the trial court. If the judgment be imprisonment in the state prison, the crime is a felony,—if a fine only or imprisonment in the county jail, a misdemeanor. It is provided in section 17 of the Penal Code that in such a case if the judgment imposes a punishment less than imprisonment in the state prison the offense "shall be deemed a misdemeanor *for all purposes.*" And that in such a case the offense shall be deemed to be a misdemeanor has been expressly held by this court in a number of cases. (*People* v. *Cornell,* 16 Cal. 187; *People* v. *Salorse,* 62 Cal. 142; *People* v. *Ayhens,* 85 Cal. 88; *People* v. *Perini,* 94 Cal. 573.) In the case last cited the defendant was prosecuted for receiving stolen goods, which offense is punishable by imprisonment either in the state prison or in the county jail, and the court said: "Whether a person convicted of this offense has committed a felony or a misdemeanor can be ascertained by the nature of the judgment. If the defendant is sentenced to serve a term in the state prison, the crime is a felony; otherwise, a misdemeanor. (Pen. Code, secs. 16, 17)." Therefore, as in the case at bar the judgment was less than imprisonment in the state prison, the offense was

a misdemeanor.  But section 801 of the Penal Code provides
that ''an indictment for any misdemeanor must be found, or
an information filed, within one year after its commission'';
and in the case at bar the alleged offense was committed, if
at all, more than two and a half years before the indictment
was found.  The alleged offense was therefore barred.  It is
no answer to this defense to say that the indictment, on its
face, charged a felony; it merely charged a certain offense
which might be a felony or misdemeanor, and was therefore
as much a charge of the one as of the other.  If the position
of respondent on this point is tenable, then the defense of the
statute of limitations to a charge of a misdemeanor can always
be destroyed by the simple device of indicting a defendant for
some felony under which he could be convicted of the out-
lawed lesser offense.  But the question has been definitely
decided by this court in favor of the contention of appellant
in the case of *People* v. *Picetti*, 124 Cal. 361.  In that case the
information was for grand larceny, and the defendant was
convicted of the misdemeanor of petit larceny.  The informa-
tion had not been found within one year after the commission
of the offense, and the judgment was reversed because the
offense was barred by said section 801 of the Penal Code, above
quoted.  The court said: ''This defendant has been prosecuted
by information and has been convicted of a misdemeanor.  He
has therefore been prosecuted for a misdemeanor by informa-
tion, and the one-year statute would seem to apply.  By a
strict construction of this provision of the code it might be
held that it only applied to those specific cases where the
information or indictment upon its face charged a misde-
meanor.  But a more liberal construction would make the
statute apply to all those cases where, under the indictment
or information, the defendant may be, and is, convicted of a
misdemeanor.  Such construction should obtain, especially
in view of the fact that otherwise, in every case where a de-
fendant is prosecuted for felony and convicted of misde-
meanor, there would be no statute of limitations which could
be invoked.''

The judgment and order appealed from are reversed.

Temple, J., and Henshaw, J., concurred.