[Crim. No. 1633. Second Appellate District, Division One.—September 18, 1928.]

THE PEOPLE, Respondent, v. VIRGIL H. BIGELOW, Appellant.

Cooper & Collings and John S. Cooper for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and V. L. Ferguson for Respondent.

HOUSER, J.—Defendant was convicted on an information which charged him with the offense of violating the State Poison Act (Stats. 1907, p. 124, as variously amended), a felony. At the conclusion of the trial, under the provisions of section 969a of the Penal Code, added by Stats. 1927, p. 1064, the information against defendant was amended so that in addition to the charge contained in the original information he was charged with a "previous con-

viction," which latter fact was admitted by defendant. He appeals from the judgment and from an order denying his motion for a new trial.

The gist of the offense alleged to have been committed by defendant was the unlawful possession by him of certain morphine and heroin. From the record it appears that when arrested defendant had a considerable quantity of each of the drugs on his person. Although the defense consisted of an attempt to show that at the time of his arrest defendant was lawfully acting in conjunction with federal officers for the purpose of entrapping and causing the arrest and conviction of certain persons suspected of being unlawful dealers in drugs, on cross-examination defendant admitted that the morphine and heroin in his possession were purchased by him and intended to be used by him personally. It is therefore clear that appellant's contention that the evidence did not support the verdict cannot be sustained.

Appellant also urges the point that the trial court erred in imposing sentence upon defendant as for one who theretofore had been convicted of a felony.

By sections 666, 667, and 668 of the Penal Code, in substance it is provided that one who has been convicted of a former offense, which, if committed within this state, would be punishable by imprisonment in the state prison, is punishable for any subsequent crime committed by him within this state by a punishment more severe than though theretofore he had not suffered such prior conviction. As hereinbefore stated, defendant admitted his former conviction of a felony, to wit, under the so-called Harrison Narcotic Act, for which he served a term of eighteen months' imprisonment in the Leavenworth Penitentiary, at Leavenworth, state of Kansas. The penalty for violation of the federal statute (sec. 5460, Barnes' Fed. Code, 1919 [26 U. S. C. A., sec. 705]), is "not more than five years" imprisonment; and by section 10038 of the same code [18 U. S. C. A., sec. 541] it is provided in effect that all offenses which may be punishable by imprisonment for a term exceeding one year shall be deemed felonies. It would follow that so far as the federal statutes are concerned, defendant was convicted of a felony. While the so-called State Poison Act (Stats. 1907, p. 124, as variously amended) is not the

exact counterpart of the Harrison Narcotic Act, in its substance, in part, it denounces the same general conduct, and provides various penalties for the infraction thereof, ranging from fines, or imprisonment in the county jail, to imprisonment in the state prison. By section 17 of the Penal Code felonies and misdemeanors are defined as follows: "A felony is a crime which is punishable with death or by imprisonment in the state prison. Every other crime is a misdemeanor. When a crime, punishable by imprisonment in the state prison, is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a judgment imposing a punishment other than imprisonment in the state prison." As is said in *People* v. *Smith,* 143 Cal. 597, 599 [77 Pac. 449, 450]: "The question as to whether or not a crime is a felony depends upon the punishment. If the punishment is imprisonment in the state prison the crime is a felony." (See, also, *People* v. *Sacramento Butchers' Assn.,* 12 Cal. App. 471, 489 [107 Pac. 712].) In the case of *Doble* v. *Superior Court,* 197 Cal. 556, 576 [241 Pac. 852, 860], it is held that a fair construction of section 17 of the Penal Code is "that in prosecutions within the contemplation of that section, the charge stands as a felony for every purpose up to judgment, and if the judgment be felonious in that event it is a felony after as well as before judgment; but if the judgment is for a misdemeanor it is deemed a misdemeanor for all purposes thereafter."

It appearing that the former conviction of defendant was of an offense punishable by imprisonment in the state prison of this state, and that in fact for the commission of the offense of which defendant was convicted he was sentenced to, and served a term of, imprisonment in a federal penitentiary for a term of eighteen months, it follows that no error was committed by the trial court in pronouncing judgment upon the defendant as for one who theretofore had been convicted of a felony.

The judgment and the order denying the motion for a new trial are affirmed.

Conrey, P. J., and York, J., concurred.