[Crim. No. 1985.   Second Appellate District, Division Two.—October 21, 1930.]

THE PEOPLE, Respondent, v. MRS. MARY MITCHELL, Appellant.

John Beardsley for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine, Deputy Attorney-General, for Respondent.

CRAIG, J.—Upon an information charging the crime of receiving stolen property, a felony, appellant was tried before a jury and found guilty as charged, after which conviction the court below sentenced her to serve a term of three months in the county jail. A motion for a new trial having been denied, she appealed, assigning as grounds for reversal the bar of the statute of limitations and insufficiency of the evidence to sustain the judgment.

The information was filed about two years after receipt of the property in question by the appellant. Reliance is placed upon the interpretation of sections 17 and 801 of the Penal Code, as announced in *People* v. *Gray*, 137 Cal. 267 [70 Pac. 20]. It was there held that an offense punished as a misdemeanor must for all purposes be deemed as such, and that an indictment therefor, filed more than one year after the commission of the offense, was barred by the statute of limitations. In *Doble* v. *Superior Court*, 197 Cal. 556 [241 Pac. 852], the Supreme Court in denying a petition for a writ of prohibition, prior to trial, limited the application of section 17 of the Penal Code to "purposes after a judgment imposing other than imprisonment in the state

prison''. Particular attention was called to the fact that while section 801 requires the filing of a misdemeanor charge within one year after its commission, said section contemplates only misdemeanors as distinguished from offenses for which the court may justify judicial discretion in determining the nature of the penalty. While it is there recognized that *People* v. *Gray* arose after trial and judgment, yet the plain import of the decision is that in so far as it conflicts with this interpretation it is overruled, and that to such extent it was not founded upon any authority to the contrary of this later view. It is said of *People* v. *Gray, supra:* ''The case is, therefore, only authority for the proposition that where a defendant is charged with a felony but has only committed a misdemeanor the statute of limitations for misdemeanors and not that for felonies will govern. However, that case is not authority under the provision of section 17 here involved, for that provision only has application to the judgment where the punishment may be either for a felony or a misdemeanor. It will be noted that in quoting section 17 the opinion in *People* v. *Gray, supra,* ignores the language—'after a judgment imposing a punishment other than imprisonment in the state prison'—following the phrase 'shall be deemed a misdemeanor for all purposes'. . . . A fair construction of section 17, in order to give effect to every part thereof, requires us to hold, and we do so hold, that in prosecutions within the contemplation of that section, the charge stands as a felony for every purpose up to judgment, and if the judgment be felonious in that event it is a felony after as well as before judgment; but if the judgment is for a misdemeanor it is deemed a misdemeanor for all purposes thereafter—the judgment not to have a retroactive effect so far as the statute of limitations is concerned.'' So, in the instant case, the jury having found the appellant guilty of a felony, as charged, the statute of limitations can be said to have no application, but for all purposes after judgment the offense may be deemed a misdemeanor.

Appellant urges that a distinction exists between the instant case and *Doble* v. *Superior Court, supra,* in that the issue was there raised on a petition for writ of prohibition to prevent a trial of the case, whereas here the trial was had and judgment pronounced. This difference. in fact leaves the two prosecutions identical in principle. The decision in the Doble case was entirely predicated upon the assumption

that the defendant might upon trial be found guilty of the felony involved in the charge. In this action the defendant actually was found guilty of an offense of that grade; hence the law announced in that case is directly in point and controlling here.

■ The evidence tended to show that the prosecuting witness identified a radio in appellant's apartment which had previously been stolen from his residence. Appellant claimed to have taken it in payment of the indebtedness of a third person whom she did not produce at the trial and whom officers were unable to locate; she also stated that she had documentary evidence of its legal transfer to her, which she did not exhibit when demanded. A friend of appellant forcibly extorted from the prosecuting witness a paper upon which the latter had noted the serial number of the instrument, and on the following day appellant placed it in a warehouse, where it was subsequently discovered. An extended detail of the evidence is unnecessary. The jury were instructed upon the law in such cases, and we cannot say that legally they were not warranted in concluding that appellant knew that the property had been stolen. (*People* v. *Jacobs*, 73 Cal. App. 334 [238 Pac. 770].)

■ The only other point advanced is that the evidence affirmatively showed the property to have been purchased by the complaining witness upon installments, and that he was not the owner as alleged in the information. A variance between allegation and proof of ownership in such a case is not prejudicial to the rights of the defendant if the property stolen can otherwise be sufficiently identified. Proof upon this issue is material only for the purposes of identification. (Pen. Code, sec. 960; *People* v. *Price*, 143 Cal. 351 [77 Pac. 73].)

The judgment and order denying a new trial are affirmed.

Works, P. J., and Schmidt, J., *pro tem.*, concurred.