[Crim. No. 47. Fourth Appellate District.—May 21, 1931.]

THE PEOPLE, Respondent, v. R. O. THOMPSON, Appellant.

Thomas J. Pitts and Walter C. Malloy, for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

MARKS, J.—Appellant was charged with the crime of wilfully, unlawfully and feloniously uttering and delivering a check drawn on the First National Bank of Covina, California, in the sum of $939.30, with intent to defraud William C. Keller, knowing that at the time he did not have sufficient funds in or credit with the bank to cover the check. The jury found appellant guilty as charged. The court overruled his motion for new trial and sentenced him to serve eight months in the county jail. This appeal

is from the judgment and order denying the motion for new trial.

The evidence discloses that on April 17, 1929, appellant was an automobile dealer in the city of Covina, California; and William C. Keller was an automobile dealer in the city of Ontario, California. On this day appellant went to Keller's place of business and negotiated for the purchase of an automobile. After agreeing upon its price he drew his check on the First National Bank of Covina in the sum of $939.30, payable to the order of Keller. Appellant thereupon left Keller's office, but returned in a few minutes and asked for a bill of sale of the automobile which was made out and delivered to him. He again left Keller's office. Several minutes later Keller went to the rear of his garage and found appellant waiting for the delivery of the car. At this time appellant and Keller, according to Keller's testimony, held the following conversation: "Q. What was said at that time? A. Mr. Thompson asked me—I think he said, 'Bill, I would appreciate it if you would hold that check a couple days,' and I said, 'Roy, I can't do that. You have a bill of sale on the car, and the transaction is all closed, and I cannot hold the check. As far as that is concerned, it is after banking hours now. I cannot possibly put the check in the bank before tomorrow and then it will be a couple of days before it gets to your bank, but I can't hold the check up.' Q. Anything else said? A. No, he got in the car then and drove away."

On April 18, 1929, Keller deposited the check in the Citizens National Bank of Ontario, which sent it through the usual channels for collection. It was later returned unpaid.

The assistant cashier of the First National Bank of Covina, upon which the check was drawn, testified that on April 17 and 18, 1929, appellant had a balance of 20 cents in that bank. On April 19, 1929, his balance was 85 cents. On April 17th, $7 was deposited to appellant's account and on April 19, 1929, $1225 was deposited, but on this last date checks were cashed which reduced the balance to 85 cents, at which sum it remained until April 4, 1930, when the account was closed. When the check to Keller was presented there were not sufficient funds in the bank

to pay it nor had he any credit with the bank to meet such check upon its presentation.

Appellant testified that he knew when he wrote the check that his balance in the Covina bank was less than $1; that he told Keller that he did not have sufficient funds in the bank to meet the check and asked him to hold it for several days and that Keller consented to do this. This testimony was denied by Keller.

Appellant complains that the evidence is insufficient to support the verdict of the jury and the judgment of the court. In this we cannot agree with him. The jury resolved all conflicts in the evidence against appellant and its finding is final and binding here. The testimony of Keller and the cashier of the Covina bank is sufficient to support the verdict and judgment.

Appellant further complains that because the check was uttered on April 17, 1929, and the information was not filed until January 26, 1931, and because the trial court sentenced him to the county jail, thereby constituting the offense a misdemeanor and not a felony, that the statute of limitations had run. There is no merit in this contention as it has been decided adversely to appellant in the cases of *Doble* v. *Superior Court,* 197 Cal. 556 [241 Pac. 852], *People* v. *Boggess,* 75 Cal. App. 499 [243 Pac. 478], *People* v. *Bigelow,* 94 Cal. App. 28 [270 Pac. 460], and *People* v. *Mitchell,* 109 Cal. App. 116 [292 Pac. 692].

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.