Filed 4/27/16  P. v. Jones CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C079442 |
| Plaintiff and Respondent, | (Super. Ct. No. SF127860A) |
| v. | |
| DENNIS JONES, | |
| Defendant and Appellant. | |

Defendant Dennis Jones appeals from the trial court's order denying his Penal Code[1] section 1170.18 petition for resentencing on a prior prison term enhancement.  He contends that the enhancement became invalid once the prior felony underlying conviction that forms the prison prior was reduced to a misdemeanor pursuant to section 1170.18.  We affirm.

---

[1]    Undesignated statutory references are to the Penal Code.

1

BACKGROUND

We omit the facts of defendant's crimes as they are unnecessary to resolve this appeal.

In September 2014, defendant was convicted of receiving a stolen motor vehicle with two prior prison term enhancements and sentenced to six years in state prison. The basis of one of the enhancements was a prior conviction for petty theft with a prior.

In April 2015, defendant's petition to reclassify the petty theft with a prior conviction to a misdemeanor was granted. Defendant then filed a section 1170.18 petition for resentencing on the prison prior supported by the petty with a prior conviction. After briefing from both parties, the trial court denied the petition.

DISCUSSION

Defendant contends that the reduction to a misdemeanor of his petty theft with a prior conviction underlying one of the prior prison term enhancements required the trial court to strike that enhancement. We disagree.

Proposition 47, the Safe Neighborhoods and Schools Act (the Act) requires "misdemeanors instead of felonies for nonserious, nonviolent crimes . . . unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70.) Among the affected crimes is petty theft with a prior, which is now a misdemeanor barring certain exceptions not relevant here. (See §§ 666, 490.) Since the prior prison term enhancement requires that defendant be convicted of a felony and served a prison term for that conviction (§ 667.5, subd. (b)), this raises the question of whether a prior prison term enhancement based on what is now a misdemeanor conviction survives the Act.

We begin by noting that while section 1170.18 allows felony convictions to be reduced to misdemeanors, even when the felony sentence was completed before the passage of the Act, it does not mean the conviction should be viewed as a misdemeanor retroactively. Section 1170.18, subdivision (k) was interpreted in the context of felony

2

jurisdiction over criminal appeals in *People v. Rivera* (2015) 233 Cal.App.4th 1085. *Rivera* found that subdivision (k), which parallels the language from section 17 regarding the reduction of wobblers to misdemeanors,[2] should be interpreted in the same way as being prospective, from that point on, and not for retroactive purposes. (*Rivera*, at p. 1100; see also *People v. Moomey* (2011) 194 Cal.App.4th 850, 857 [rejecting assertion that assisting a second degree burglary after the fact does not establish the necessary element of the commission of an underlying felony because the offense is a wobbler: "Even if the perpetrator was subsequently convicted and given a misdemeanor sentence, the misdemeanant status would not be given retroactive effect"].) The court in *Rivera* accordingly concluded that the felony status of an offense charged as a felony did not change after the Act was passed, thereby conferring jurisdiction on the Court of Appeal.[3] (*Rivera*, at pp. 1094-1095, 1099-1101.) We see no reason to depart from *Rivera*. Although *Rivera* addressed subdivision (k) in a different context, its analysis of subdivision (k) is equally relevant here.

The Supreme Court reached a similar conclusion in the context of enhancements when interpreting section 17. In *People v. Park* (2013) 56 Cal.4th 782, the Supreme

---

[2] Section 17, subdivision (b) states in pertinent part: "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances . . . ."

[3] *Rivera* also noted the absence of any evidence that the voters wanted to go beyond directly reducing future and past punishment for convictions under the six included offenses. (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1100 ["Nothing in the text of Proposition 47 or the ballot materials for Proposition 47 -- including the uncodified portions of the measure, the official title and summary, the analysis by the legislative analyst, or the arguments in favor or against Proposition 47 -- contains any indication that Proposition 47 or the language of section 1170.18, subdivision (k) was intended to change preexisting rules regarding appellate jurisdiction"].)

Court held that a felony conviction properly reduced to a misdemeanor under section 17, subdivision (b), could not subsequently be used to support an enhancement under section 667, subdivision (a). (*Park*, at p. 798.) Applying the reduction to eliminate an enhancement that was properly imposed *before* the passage of the Act would be the type of retroactive application that is impermissible under section 17. The distinction between retroactive and prospective application was recognized by the Supreme Court in *Park*. "There is no dispute that, under the rule in [prior California Supreme Court] cases, [the] defendant would be subject to the section 667[, subdivision] (a) enhancement had he committed and been convicted of the present crimes before the court reduced the earlier offense to a misdemeanor." (*Park*, at p. 802.) Retroactive versus prospective application was also invoked by the Supreme Court in distinguishing cases cited by the Attorney General. "None of the cases relied upon by the Attorney General involves the situation in which the trial court has affirmatively exercised its discretion under section 17[, subdivision] (b) to reduce a wobbler to a misdemeanor before the defendant committed and was adjudged guilty of a subsequent serious felony offense." (*Park*, at pp. 799-800.)

*Park* is not the only example of the Supreme Court finding that reducing a felony to a misdemeanor pursuant to section 17 is not retroactive. For example, if a defendant is convicted of a wobbler and is placed on probation without imposition of sentence, the crime is considered a felony "unless subsequently 'reduced to a misdemeanor by the sentencing court' pursuant to section 17, subdivision (b)." (*People v. Feyrer* (2010) 48 Cal.4th 426, 438-439.) "If ultimately a misdemeanor sentence is imposed, the offense is a misdemeanor from that point on, but not retroactively." (*Id*. at p. 439.) It has therefore long been the rule regarding section 17 that "as applied to a crime which is punishable either as felony or as misdemeanor: 'the charge stands as a felony for every purpose up to judgment, and if the judgment be felonious in that event it is a felony after as well as before judgment; but if the judgment is for a misdemeanor it is deemed a misdemeanor for all purposes thereafter -- the judgment not to have a retroactive

4

effect . . . .' " (*People v. Banks* (1959) 53 Cal.2d 370, 381-382, quoting *Doble v. Superior Court* (1925) 197 Cal. 556, 576-577.)

"Where, as here, legislation has been judicially construed and a subsequent statute on the same or an analogous subject uses identical or substantially similar language, we may presume that the Legislature intended the same construction, unless a contrary intent clearly appears." (*Estate of Griswold* (2001) 25 Cal.4th 904, 915-916.) "Generally, the drafters who frame an initiative statute and the voters who enact it may be deemed to be aware of the judicial construction of the law that served as its source." (*In re Harris* (1989) 49 Cal.3d 131, 136.)

The drafters of Proposition 47 knew that section 17, which contained the "for all purposes" phrase found in subdivision (k) of section 1170.18, had been consistently interpreted by the Supreme Court so as not to give retroactive effect to an action reducing a wobbler from a felony to a misdemeanor. Defendant has not given us any reason to depart from a similar construction of the essentially identical operative text of subdivision (k).

Defendant relies primarily on *People v. Flores* (1979) 92 Cal.App.3d 461. The defendant in *Flores* was sentenced to prison following his conviction of selling heroin (Health & Saf. Code, § 11352), and his state prison sentence for that crime was enhanced by one year for a prior prison term. (*Flores*, at pp. 464, fn. 1, 470.) The enhancement was based on a prior felony conviction of possession of marijuana under Health and Safety Code section 11357. (*Flores*, at p. 470.) That statute had since been amended in 1975 to make possession of marijuana a misdemeanor. (*Id.* at p. 470.)

The *Flores* court noted that in 1976 the Legislature enacted Health and Safety Code section 11361.5, subdivision (b), which "authorize[d] the superior court, on

petition, to order the destruction of all records of arrests and convictions for possession of marijuana, held by any court or state or local agency and occurring prior to January 1, 1976." (*People v. Flores*, *supra*, 92 Cal.App.3d at p. 471.) Also in 1976, Health and Safety Code section 11361.7 "was added to provide in pertinent part that: '(a) Any record subject to destruction . . . pursuant to Section 11361.5, or more than two years of age, or a record of a conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 which became final more than two years previously, shall not be considered to be accurate, relevant, timely, or complete for any purposes by any agency or person . . . . (b) No public agency shall alter, amend, assess, condition, deny, limit, postpone, qualify, revoke, surcharge, or suspend any certificate, franchise, incident, interest, license, opportunity, permit, privilege, right, or title of any person because of an arrest or conviction for an offense specified in subdivision (a) or (b) of Section 11361.5 . . . on or after the date the records . . . are required to be destroyed . . . or two years from the date of such conviction . . . with respect to . . . convictions occurring prior to January 1, 1976.' " (*Flores*, at pp. 471-472.) Based on these amendments, the court concluded that "the Legislature intended to prohibit the use of the specified records for the purpose of imposing any collateral sanctions," such as the prior prison term enhancement. (*Id.* at pp. 472, 473.)

*Flores* is inapposite because there is no similar declaration of legislative intent for full retroactivity either in the Act generally or section 1170.18 in particular. If the Act's drafters wanted to invalidate prior prison term allegations because the underlying felony was now a misdemeanor, they could have included legislative language like that discussed in *Flores*. They did not.

DISPOSITION

The judgment (order) is affirmed.

/s/
Robie, J.

We concur:

/s/
Raye, P. J.

/s/
Renner, J.